**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                              NO. 4:99CR000099 JLH

TERRENCE BROCKMAN                                                                           DEFENDANT

**ORDER**

Terrence Brockman has filed a motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines manual, which reduced the base offense levels in U.S.S.G. § 2B1.1(c) for crack cocaine offenses. Brockman was convicted of distribution of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1). He was held responsible for 8.412 grams of cocaine base, which at the time would result in a base offense level of 26 under U.S.S.G. § 2D1.1(a)(3), but which now would result in an offense level of 24. However, Brockman was found to be a career offender. The statutory maximum term of imprisonment was 25 years, so pursuant to U.S.S.G. § 4B1.1, his base offense level was 34 and his criminal history category was VI. According to the sentencing table, an offense level of 34 and a criminal history category VI results in a sentencing range of 262-327 months. Brockman was sentenced to 262 months.

Although Brockman was convicted of distribution of cocaine base, he is not entitled to a reduction in his sentence. The Eighth Circuit addressed this issue in *United States v. Thomas*, __ F.3d __, 2008 WL 1969739 (May 8, 2008), and held:

> A career offender's base offense level is determined under USSG § 4B1.1 based on the statutory maximum sentence applicable to the defendant's present offense of conviction when that offense level is higher than the offense level resulting from the otherwise applicable guidelines calculation. Mr. Thomas was sentenced as a career

offender, and his sentencing range was therefore determined by § 4B1.1, not by § 2D1.1. Although the Sentencing Commission lowered the offense levels in USSG § 2D1.1(c) related to crack cocaine drug quantities, it did not lower the sentencing range for career offenders under USSG § 4B1.1, which is what set Thomas's sentencing range. Mr. Thomas has therefore not met the eligibility requirements for a reduction in his sentence. See § 3582(c)(2) (allowing resentencing for defendants who were originally "sentenced ... based on a sentencing range that has subsequently been lowered by the Sentencing Commission"). Application of Amendment 706 would not lower Thomas's applicable guideline range. See United States v. Tingle, No. 08-1777, --- F.3d ----, ----, 2008 WL 1902055, at *1 (8th Cir. May 1, 2008); USSG § 1B1.10(a)(2)(B) (Suppl. Mar. 3, 2008) ("A reduction ... is not authorized under 18 U.S.C. § 3582(c)(2) if an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").

Brockman, like Thomas, was sentenced as a career offender, and his sentencing range was determined by § 4B1.1, not by § 2D1.1.  The Sentencing Commission has not reduced the guideline range for offenders sentenced under § 4B1.1.  Therefore, Brockman's motion for reduction of his sentence is DENIED.  Document #64.

IT IS SO ORDERED this 20th day of May, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE