**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA

v.                              No. 4:99CR00099 JLH

TERRENCE BROCKMAN

**ORDER**

Terrence Brockman was convicted of distributing cocaine base and was sentenced to 262 months imprisonment. His conviction was affirmed on appeal, after which he filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. That motion was denied on March 7, 2001, and the Court refused to issue a certificate of appealability.

Nearly 13 years later, Brockman has filed another *pro se* motion to vacate, set aside, or correct his sentence. In his current motion, he contends that he was erroneously sentenced as a career offender, that he is actually innocent because the State of Arkansas has never consented to the prosecution of federal drug laws, that a new Supreme Court decision authorizes a review of the predicate offenses used in the enhancement of his sentence, and that he was falsely arrested and incarcerated under charges that were constructively altered.

It appears that most of Brockman's contentions could have been raised on direct appeal or in his earlier section 2255 petition, so those grounds are procedurally defaulted. *Charboneau v. United States*, 702 F.3d 1132, 1136 (8th Cir. 2013). Brockman has failed to demonstrate cause for the default and prejudice or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622-23, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998). Moreover, these claims are barred by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1).

As to Brockman's contention that a recent decision of the Supreme Court warrants reconsideration of his sentencing enhancements, to obtain review on that basis he must petition the Eighth Circuit for permission to file a second or successive habeas petition. *See* 28 U.S.C. § 2255(h)(2).

For the reasons stated, Brockman's petition is dismissed with prejudice, except for his claim that a recent decision of the Supreme Court authorizes review of the predicates in his sentencing enhancement, and that claim is dismissed without prejudice so that Brockman can petition the Eighth Circuit for permission to file a second or successive habeas petition. Document #84.

IT IS SO ORDERED this 24th day of January, 2014.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE